[Civ. No. 46521. Second Dist., Div. Five. Nov. 19, 1975.]

MAXWELL M. WILLENS, Plaintiff and Appellant, v. KENNETH CORY, as State Controller, et al., Defendants and Respondents.

## COUNSEL

Buchalter, Nemer, Fields & Savitch, Benjamin E. King and Earl P. Willens for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and William J. Power, Deputy Attorney General, for Defendants and Respondents.

## OPINION

**KAUS, P. J.**—Plaintiff Maxwell M. Willens appeals from a judgment in favor of defendant state Controller (Cory) in an action seeking interest on pension funds which the state failed to pay plaintiff when due.

### FACTS[1]

Plaintiff served as a judge of the municipal and superior court from 1962 through 1970. In June 1970, he was indicted by the grand jury of San Joaquin County on charges of criminal conspiracy and bribery. While proceedings were pending, he was automatically disqualified from acting as a judge. (10 Cal.3d at p. 453; Cal. Const., art. VI, § 18, subd. (a).)

On election day in 1970, when plaintiff was defeated at the general election by a write-in candidate, he applied to the Commission on Judicial Qualifications for a disability pension. (Gov. Code, § 75060, subd. (a).) In December 1970, the commission refused plaintiff's request. (*Id.* at pp. 453-454.)

---

[1]The background facts are as stated in *Willens* v. *Commission on Judicial Qualifications,* 10 Cal.3d 451, 453-455 [110 Cal.Rptr. 713, 516 P.2d 1].

In April 1971, plaintiff sought a writ of mandate in the superior court to compel the commission to approve his request for disability retirement. In June 1971, he was found guilty on four counts of bribery. His conviction was entered in December 1971 and became final. (*Id.* at p. 455, fn. 4.) That month, the superior court issued the requested writ of mandate and the commission appealed. (*Id.* at pp. 453-454.)

In February 1973, the Court of Appeal reversed the judgment of the superior court. The Supreme Court granted plaintiff's petition for hearing, and in December 1973, held that plaintiff was entitled to receive his disability pension despite the fact that at the time he sought a pension based on an inability "to discharge efficiently the duties of his office by reason of mental or physical disability" (Gov. Code, § 75060, subd. (a)), he was then not performing those duties because of his disqualification under the state Constitution. (*Id.* at pp. 455-457.)

In January 1974, the state paid plaintiff $68,712 in back disability retirement benefits accruing after December 18, 1970, but refused to pay plaintiff interest—$7,221—on that amount. The superior court found that plaintiff was not entitled to the claimed interest and entered judgment accordingly.

DISCUSSION

■ There is no merit to plaintiff's contention that he is entitled to interest under Civil Code section 3287.

In *Jorgensen v. Cranston,* 211 Cal.App.2d 292 [27 Cal.Rptr. 297], in response to the claimant's assertion that she was entitled to interest on allowances owing under the Judges' Retirement Law, the court held: "This fund, . . . is a fund held in trust and over which the Controller is the trustee. Whenever a claim is made against the fund it was not only the right of the Controller, it was his obligation, to make sure that the claimant is a party entitled and whenever any doubt reasonably exists to obtain an adjudication to settle the controversy . . . . Restatement Second of Trusts, section 207, vol. 1, p. 470. . . . [¶] This being the general rule, we cannot therefore attribute to the Legislature by the 1959 amendment to Civil Code section 3287 an intent to include, within its scope, claims against public retirement funds reasonably challenged by the State Controller." (*Id.* at pp. 301-302.)[2]

---

[2]Before the 1959 amendment (Stats. 1959, ch. 1735, § 1, p. 4186), the right to interest on damages conferred by section 3287 did not apply to governmental units. (See Stats. 1955, ch. 1477, § 1, p. 2689.)

Contrary to plaintiff's assertion, the principle of *Jorgensen* was recognized in *Benson* v. *City of Los Angeles,* 60 Cal.2d 355 [33 Cal.Rptr. 257, 384 P.2d 649], and *Mass* v. *Board of Education,* 61 Cal.2d 612 [39 Cal.Rptr. 739, 394 P.2d 579]. In *Benson* the court allowed interest on an unpaid city pension and distinguished *Jorgensen:* "[T]he judges' retirement fund is a special trust fund and as such may not fall within the meaning of section 3287 [citing *Jorgensen*], whereas it is well established that liability for pensions such as the instant one is not limited to any particular fund, but rather is a general obligation imposed by law upon the city. [Citations.]" (60 Cal.2d at p. 365.)

In *Mass,* the court, recognizing that some decisions had suggested that interest could not be recovered in a mandamus action held that "the present action in mandamus may support a judgment for interest since it involves recovery upon a *general* underlying monetary obligation." (Italics added.) (61 Cal.2d at pp. 625-626.) In so holding, the court noted that most of the contrary cases cited, including *Jorgensen,* "may be distinguished on the narrow ground that they involved mandamus actions against a trustee of a special fund." (*Id.* at p. 625, fn. 8.) The court then quoted from *Jorgensen* " 'Our conclusion is that whatever [the Legislature's] intent may have been with reference to mandamus proceedings *involving contractual obligations of the state or its agencies payable out of the General Fund,* it does not apply to obligations payable out of the Judges' Retirement Fund.' " (*Id.* italics in original.)

Thus, contrary to plaintiff's assertions, we do not find that *Jorgensen* "has been emasculated by subsequent decisions . . . ."

Plaintiff's other arguments are without merit. Even if the citation to the Restatement of Trusts in *Jorgensen* (see 211 Cal.App.2d at p. 302) supports plaintiff's position, the *Jorgensen* rule is valid, independent of any nonjudicial authority on which it purported to reply.

Nor can plaintiff derive comfort from any constitutional or code authority permitting the interchange of general and special funds.[3] This state still recognizes a distinction between "general funds" (see, e.g., Gov. Code, §§ 16380-16384 [General Cash Revolving Fund]) and "trust funds" (Gov. Code, § 16370, see, e.g., §§ 16371-16375 [Special Deposit

---

[3]Plaintiff relies on article IV, sections 29 and 31, which were renumbered in 1966 as article XIII, sections 23 and 25. Old article XIII, section 23 was repealed outright in November 1974; section 25 became, more or less, article XVI, section 6, which governs amongst other things the transfer of city and county funds.

Fund]), and, although transfers of funds are permissible (Gov. Code, §§ 16351, 16381), the fund from which money is transferred must be . reimbursed (§§ 16351, 16384). Such transfers are considered to be loans. (See *Daugherty* v. *Riley,* 1 Cal.2d 298, 309 [34 P.2d 1005].)

Plaintiff contends that the rule denying him interest is inherently unfair, violative of public policy, and a denial of equal protection. However captioned, there is no unfairness in applying a different rule governing the right to interest between a state employee's pension and the judges' pension system. (See *Bilyeu* v. *State Employees' Retirement System,* 58 Cal.2d 618, 623 [24 Cal.Rptr. 562, 375 P.2d 442].)

The judgment is affirmed.

Stephens, J., and Hastings, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 21, 1976.