[L.A. No. 31780. Dec. 30, 1983.]

LESTER E. OLSON et al., Plaintiffs and Appellants, v.
KENNETH CORY, as State Controller, et al.,
Defendants and Respondents.

## COUNSEL

Stroock & Stroock & Lavan, William H. Levit, Henry J. Silberberg, Margaret A. Nagle, Gibson, Dunn & Crutcher and Richard Chernick for Plaintiffs and Appellants.

Lawrence E. Gercovich, D. Robert Shuman, John H. Larson, County Counsel, Halvor S. Melom, Deputy County Counsel, Richard J. Moore, County Counsel, Daniel Blackstock and Delbert M. Siemsen, County Counsel, John B. Clausen, County Counsel, Floyd R. B. Viau, County Counsel, Raymond W. Schneider and Robert D. Curiel, County Counsel, James H. Harmon, County Counsel, Ralph B. Jordan, Jr., County Counsel, John R. Irby, Deputy County Counsel, Douglas J. Maloney, County Counsel, Russell M. Koch, County Counsel, Paul DeLay and Ralph R. Kuchler, County Counsel, Stephen W. Hackett, County Counsel, Adrian Kuyper, County Counsel, James H. Angell and Gerald J. Geerlings, County Counsel, Lee B. Elam, County Counsel, Alan K. Marks, County Counsel, Donald L. Clark, County Counsel, George P. Agnost, City Attorney, Gerald A. Sherwin, County Counsel, James P. Lindholm, Jr., County Counsel, Keith C. Sorenson and James P. Fox, County Counsel, George P. Kading and Kenneth L. Nelson, County Counsel, Marvin Levine, Chief Assistant County Counsel, Selby V. I. Brown, Jr., County Counsel, Clair A. Carlson, County Counsel, Milton Goldinger and Charles O. Lamoree, County Counsel, James P. Botz, County Counsel, Gilbert W. Boyne, County Counsel, Darrell W. Larsen, County Counsel, Calvin E. Baldwin and Thomas D. Bowman, County Counsel, Dorothy L. Schechter, County Counsel, Charles R. Mack, County Counsel, George Deukmejian and John K. Van de Kamp, Attorneys General, and Richard M. Radosh, Deputy Attorney General, for Defendants and Respondents.

## OPINION

**REYNOSO, J.**—Plaintiff judges and judicial pensioners claim interest on the salary and pension increases to which this court held them entitled in *Olson* v. *Cory* (1980) 27 Cal.3d 532 [178 Cal.Rptr. 568, 636 P.2d 532] (*Olson* v. *Cory I*). They appeal from the trial court's order denying their motion for a determination that their right to the interest is without substantial controversy.

We reach the following conclusions: The plaintiffs are entitled to interest on amounts due as increases in salaries of judges of courts of record (Cal. Const., art. VI, § 1) and in pensions payable under the Judges' Retirement

Law (Gov. Code, § 75000 et seq.).[1] The trial court's order was not appealable; nonetheless, under the unusual circumstances of this case we reach the merits by treating the appeal as a petition for a writ of mandate.

Before being amended in 1976, effective January 1, 1977, Government Code section 68203 (hereafter section 68203) provided that salaries of justices of the Supreme Court and Courts of Appeal and of judges of the superior and municipal courts were to be increased on September 1st of each year in accordance with the California consumer price index.[2] The 1976 amendment provided that the salaries should be increased according to that index each July 1, beginning with July 1, 1978, and that each increase should not exceed 5 percent.[3]

Plaintiffs brought this action on August 3, 1977, alleging that they were superior and municipal court judges and recipients of pensions under the Judges' Retirement Law and praying for a declaration that the 1976 amendment was unconstitutional and that they therefore were entitled to salary and pension increases in accordance with section 68203 prior to the amendment. The complaint named as defendants the State Controller and the Los Angeles County Auditor-Controller and declared that the action was being brought on behalf of all judges of California courts of record and all retired judges and judges' widows entitled to pensions. By stipulation filed February 17, 1978, the complaint was amended to pray also for damages consisting of salary and retirement benefits due under section 68203 prior to the amendment, together with interest "at the lawful rate" and attorney fees (sought under various theories). On February 21, 1978, the trial court rendered judgment declaring that the 1976 amendment to section 68203 was unconstitutional and reserving jurisdiction over all other matters including class certification, interest, and attorney fees.

---

[1]To avoid any possibility of a disqualifying conflict of interest, each member of this court hearing this case has waived all right to receive any of the interest payments sought herein by plaintiffs.

[2]Before the 1976 amendment, section 68203 provided: ". . . [o]n the effective date of the 1969 amendments to this section and on September 1 of each year thereafter the salary of each justice and judge named in Sections 68200 and 68202, inclusive, shall be increased by that amount which is produced by multiplying the then current salary of each justice or judge by the percentage by which the figure representing the California consumer price index as compiled and reported by the California Department of Industrial Relations has increased in the previous calendar year." (Stats. 1969, ch. 1507, § 1.)

[3]As of January 1, 1977, section 68203 provided: "On July 1, 1978, and on July 1 of each year thereafter the salary of each justice and judge named in Sections 68200 to 68202, inclusive, shall be increased by that amount which is produced by multiplying the then current salary of each justice or judge by the percentage by which the figure representing the California consumer price index as compiled and reported by the California Department of Industrial Relations has increased in the previous calendar year, but not to exceed five percent (5%)." (Stats. 1976, ch. 1183, § 4.)

*Olson* v. *Cory I* was filed March 27, 1980, and, after modification, became final on June 27, 1980. The opinion concluded that the 1976 amendment to section 68203 "cannot be constitutionally applied to (1) a judge or justice during any term of office, or unexpired term of office of a predecessor, if the judge or justice served some portion thereof (a 'protected term') prior to 1 January 1977, and (2) a judicial pensioner whose benefits are based on some proportionate amount of the salary of the judge or justice occupying that office." (27 Cal.3d at p. 546.) To that extent, the judgment was affirmed; in other respects it was reversed.

On April 18, 1980, three municipal court judges filed a complaint in intervention naming as defendants in intervention the auditors or controllers of some thirty counties (in addition to Los Angeles) and asking relief similar to that sought in the principal complaint.

In August and September 1980, at the request of plaintiffs, the trial court enjoined defendants from paying more than 75 percent of the back salaries due under *Olson* v. *Cory I*. (Such an order is not in the record but is inferred from references in later trial proceedings and in the briefs.) The apparent purpose of the order or orders was to secure payment of plaintiffs' attorney fees.

On October 8, 1980, the Board of Administration of the Public Employees' Retirement System was made a defendant by a stipulation reciting that it had succeeded the Controller, as of July 1, 1979, as administrator of the Judges' Retirement Fund. (See Gov. Code, § 75005, fn. 4, *post.*)

On the same date, October 8, plaintiffs filed a motion for "an order determining that there is no substantial controversy that plaintiffs are entitled to recover interest at the legal rate on the retroactive salary and pension payments due them pursuant to the opinion of the California Supreme Court in this action." The accompanying memorandum stated that the motion was made "pursuant to Code of Civil Procedure section 437c, for an order specifying issues without substantial controversy."

On December 12, 1980, the trial court certified plaintiffs' suit as a class action on behalf of all judges of California courts of record and all judicial pensioners under the Judges' Retirement Law.

The following month, on January 7, 1981, the trial court denied plaintiffs' motion for an order specifying their right to interest as an issue without substantial controversy. It ruled that "no interest is payable for the period prior to June 27, 1980, when [*Olson* v. *Cory I*] became final" and that "no

interest is due on amounts withheld under the court order of September 1980, which amounts cannot be paid until further order of court.''

Plaintiffs filed a timely notice of appeal from the trial court's denial of the motion.

### APPEALABILITY OF ORDER: TREATING APPEAL AS PETITION FOR WRIT OF MANDATE

Though one of the briefs suggests that the trial court's ruling was not appealable, all the principal defendants, as well as plaintiffs, urge that we review the ruling on its merits. ■ Nonetheless, since the question of appealability goes to our jurisdiction, we are dutybound to consider it on our own motion. (*Collins* v. *Corse* (1936) 8 Cal.2d 123 [64 P.2d 137]; *DeGrandchamp* v. *Texaco, Inc.* (1979) 100 Cal.App.3d 424, 430 [160 Cal.Rptr. 899].)

■ The ruling was not a final judgment. Plaintiffs' motion for the ruling was made explicitly under Code of Civil Procedure section 437c, which provides for summary judgments. After prescribing the showing necessary to support a motion for summary judgment, the section provides in subdivision (f): "[I]f it appears that the proof supports the granting of such motion as to some but not all the issues involved in the action, . . . the court shall, by order, specify that such issues are without substantial controversy. . . . At the trial of the action the issue so specified shall be deemed established and the action shall proceed as to the issues remaining." Subdivision (i) provides: "Except where a separate judgment may properly be awarded in the action, no final judgment shall be entered on a motion for summary judgment prior to the termination of the action, but the final judgment shall, in addition to any matters determined in the action, award judgment as established by the summary proceeding herein provided for."

No judgment was entered on the trial court's order denying the motion, and the record makes clear that further proceedings were contemplated. Thus, plaintiffs' notice of class action, filed December 30, 1980, explains that the complaint sought not only declaratory relief, but also damages consisting of salary and retirement benefits, interest, and attorney fees. The notice characterizes the trial court's 1978 ruling that the 1976 amendment to section 68203 was unconstitutional as "an interlocutory declaratory judgment" and states that this court subsequently "rendered a decision" in *Olson* v. *Cory I,* reaching conclusions that are explained in detail. The notice further states: "If you are a member of the class who does not request exclusion and you wish to be included in, obtain the benefits of, and *be*

*bound by the final judgments* entered in this class action, you need do nothing." (Italics supplied.)

Thus, it is apparent that plaintiffs anticipated entry of one or more final judgments (i.e., final as to various plaintiffs or subclasses) subsequent to the ruling from which the present appeal was taken. The ruling therefore was not a final judgment.

Whether the ruling was appealable as an order after judgment is a closer question. Code of Civil Procedure section 904.1, subdivision (b), requires that the order be made after a judgment that was itself appealable. In *Olson* v. *Cory I,* this court did not consider the appealability of the declaratory judgment that it affirmed in part and reversed in part, and apparently the question of appealability was never raised. ■ This court has held with respect to the finality, and consequent appealability, of declaratory judgments that "[a]s a general test, . . . it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." (*Lyon* v. *Goss* (1942) 19 Cal.2d 659, 670 [123 P.2d 11].) By this test, the judgment in *Olson* v. *Cory I* was not appealable since the trial court had expressly reserved jurisdiction to certify the plaintiff class, award past due salary and interest, and award attorney fees and litigation expenses to plaintiffs' counsel.

■ Appealability appears to have been established, however, under the doctrine of the law of the case. ■ "Generally, the doctrine of law of the case does not extend to points of law which might have been but were not presented and determined in the prior appeal. [Citation.] As an exception to the general rule, the doctrine is . . . held applicable to questions not expressly decided but implicitly decided because they were essential to the decision on the prior appeal [citing *Nevcal Enterprises* v. *Cal-Neva Lodge, Inc.* (1963) 217 Cal.App.2d 799, 804 (32 Cal.Rptr. 106)]." (*Estate of Horman* (1971) 5 Cal.3d 62, 73 [95 Cal.Rptr. 433, 485 P.2d 785]; accord: *Wood* v. *Elling Corp.* (1977) 20 Cal.3d 353, 360 [142 Cal.Rptr. 696, 572 P.2d 755]; *Davis* v. *Edmonds* (1933) 218 Cal. 355, 358-359 [23 P.2d 289].) ■ In *Olson* v. *Cory I,* the proposition that the declaratory judgment was appealable was "implicitly decided because . . . essential to the decision" and therefore became the law of the case under the foregoing rule.

■ Since, for purposes of this case, the declaratory judgment that plaintiffs were entitled to back salary and pension payments was final and appealable, does it follow that the present ruling denying a declaration of

plaintiffs' right to interest on those payments was an "order made after [an appealable final] judgment" (Code Civ. Proc., § 904.1, subd. (b))?

To be appealable as an order after judgment, the order must either affect the judgment or relate to it by enforcing it or staying its execution. (*Williams* v. *Thomas* (1980) 108 Cal.App.3d 81, 84 [166 Cal.Rptr. 141]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 81.) Under that rule, an order denying interest on funds paid into court pursuant to a condemnation judgment has been held appealable as "any order relating to enforcement of a judgment" by analogy to a postjudgment order determining costs. (*Redevelopment Agency* v. *Goodman* (1975) 53 Cal.App.3d 424,. 429 [125 Cal.Rptr. 818].)

Here the trial court's refusal to uphold plaintiffs' rights to interest for purposes of subsequent trial (Code Civ. Proc., § 437c, subds. (f), (i)) was not an order relating to enforcement of a judgment because the declaratory judgment adjudicated in *Olson* v. *Cory I* was not in itself enforceable. ■ The purpose of declaratory relief is "to enable the parties to shape their conduct so as to avoid a breach." (*Babb* v. *Superior Court* (1971) 3 Cal.3d 841, 848 [92 Cal.Rptr. 179, 479 P.2d 379].) Though declaratory relief may properly be accompanied by coercive relief (see, e.g., *Staley* v. *Board of Medical Examiners* (1952) 109 Cal.App.2d 1, 6 [240 P.2d 61]), the judgment in *Olson* v. *Cory I* was purely declaratory. ■ It contained no enforceable provision, such as one directing a particular party to pay a specified sum to another party. Hence, the trial court's order now before us related not to enforcement of the *Olson* v. *Cory I* judgment but only to whether there should be a new declaration that plaintiffs have further rights in addition to those declared in the judgment. Accordingly, the order did not affect the judgment or relate to its enforcement and was not appealable as an order after judgment or on any other basis.

■ It is urged, however, that instead of dismissing the appeal, we treat it as a petition for an extraordinary writ. We are referred to cases in which Courts of Appeal have followed that course. (See *Barnes* v. *Molino* (1980) 103 Cal.App.3d 46, 51 [162 Cal.Rptr. 786]; *People* v. *Cimarusti* (1978) 81 Cal.App.3d 314, 320 [146 Cal.Rptr. 421]; *Estate of Hearst* (1977) 67 Cal.App.3d 777, 781 [136 Cal.Rptr. 821]; *Branham* v. *State Farm Mut. Auto Ins. Co.* (1975) 48 Cal.App.3d 27, 32 [121 Cal.Rptr. 304]. Denial of a motion for summary judgment is reviewable by writ of mandate. (*Roman Catholic Archbishop* v. *Superior Court* (1971) 15 Cal.App.3d 405, 410 [93 Cal.Rptr. 338].) To require the parties to wait for resolution of plaintiffs' interest claim until disposition of all matters yet to be resolved by the trial court might lead to unnecessary trial proceedings since, for example, the award of attorney fees might well be influenced by final determination of

the interest claim. Thus, the record sufficiently demonstrates the lack of adequate remedy at law necessary for issuance of the writ.

The records and briefs before us include in substance the elements necessary to a proceeding for writ of mandate. The record consists of an "Appellant's Appendix in Lieu of Clerk's Transcript," and the provisions for sanctions designed to assure its accuracy (Cal. Rules of Court, rule 5.1(i)) are the functional equivalent of the verification required by Code of Civil Procedure section 1086 and rule 56(a). The fact that the trial court is not a party is not an insuperable obstacle since there is no indication that the court as respondent would appear separately or become more than a nominal party. (*People* v. *Cimarusti, supra,* 81 Cal.App.3d 314, 320; *U.S. Financial* v. *Sullivan* (1974) 37 Cal.App.3d 5, 12, fn. 6 [112 Cal.Rptr. 18].)

Though we thus have power to treat the purported appeal as a petition for writ of mandate, we should not exercise that power except under unusual circumstances. Such circumstances are present here. Though we have concluded that the trial court's ruling was not appealable, the reasoning that led us to that conclusion demonstrates that the issue of appealability was far from clear in advance. Moreover, even though the ruling appears from its statutory basis and procedural history to have been made in anticipation of a subsequent trial and judgment, we are assured by plaintiffs, and by counsel speaking for most of the county defendants, that all issues in this litigation have now been resolved except for the one now presented to this court—that of plaintiffs' right to interest. That issue has been thoroughly briefed and argued, and all parties strongly urge that we decide it rather than dismiss the appeal. To dismiss the appeal rather than exercising our power to reach the merits through a mandate proceeding would, under the unusual circumstances before us, be " 'unnecessarily dilatory and circuitous.' " (See *Shepardson* v. *McLellan* (1963) 59 Cal.2d 83, 88 [27 Cal.Rptr. 884, 378 P.2d 108].) Accordingly, we treat the appeal as a petition for writ of mandate.

CERTAINTY REQUIREMENTS OF CIVIL CODE SECTION 3287, SUBDIVISION (a)

Plaintiffs base their claims to interest on Civil Code section 3287, subdivision (a). It provides: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any such debtor, including the state or any county, city, city and county, municipal

corporation, public district, public agency, or any political subdivision of the state."

■ Amounts recoverable as wrongfully withheld payments of salary or pensions are damages within the meaning of these provisions. (*Sanders* v. *City of Los Angeles* (1970) 3 Cal.3d 252, 262-263 [90 Cal.Rptr. 169, 475 P.2d 201]; *Benson* v. *City of Los Angeles* (1963) 60 Cal.2d 355, 365-366 [33 Cal.Rptr. 257, 384 P.2d 649]; see also *Tripp* v. *Swoap* (1976) 17 Cal.3d 671, 681-683 [131 Cal.Rptr. 789, 552 P.2d 749].) Interest is recoverable on each salary or pension payment from the date it fell due. (*Mass* v. *Board of Education* (1964) 61 Cal.2d 612, 624-625 [39 Cal.Rptr. 739, 394 P.2d 579].)

■ Defendants contend that plaintiffs' salary and pension claims were not "damages certain, or capable of being made certain by calculation" (Civ. Code, § 3287, subd. (a)). They argue that until *Olson* v. *Cory I* was filed in its final form, there was uncertainty over (1) the identity of the judges and pensioners entitled to back salary and pension payments and (2) the amounts of each of those payments.

■ Generally, the certainty required of Civil Code section 3287, subdivision (a), is absent when the amounts due turn on disputed facts, but not when the dispute is confined to the rules governing liability. (*Esgro Central, Inc.* v. *General Ins. Co.* (1971) 20 Cal.App.3d 1054, 1060-1063 [98 Cal.Rptr. 153]; *McConnell* v. *Pacific Mutual Life Ins. Co.* (1962) 205 Cal.App.2d 469, 477-480 [24 Cal.Rptr. 5].) ■ Here, the amount due each member of the plaintiff class—judges of courts of record and judicial pensioners—at any point in time between January 1, 1977, and June 27, 1980 (when *Olson* v. *Cory I* became final) was either of two readily calculable amounts: (1) the salary or pension due under section 68203 as it read before the 1976 amendment or (2) that due under the section as amended. The question whether to pay any judge or pensioner under one version of the statute or the other did not depend on any factual uncertainty or dispute but solely on the proper answers to the questions of law ultimately resolved in *Olson* v. *Cory I*. Uncertainty over those legal issues did not prevent the amounts due from being "certain or capable of being made certain by calculation" (Civ. Code, § 3287, subd. (a)).

### "Prevented By Law" Exception: Appellate and Superior Court Judges

The right to interest under Civil Code section 3287, subdivision (a), is subject to an express exception: the right arises "except during such time as the debtor is prevented by law, or by the act of the creditor from paying

the debt." The Controller contends that this exception precludes recovery of any interest on salaries or pensions withheld by him before, and contrary to, this court's 1980 decision in *Olson* v. *Cory I* that the 1976 amendment to section 68203 was invalid as to certain judges and pensioners during certain periods. He relies on constitutional and statutory limitations on his power as a state official. Thus, article XVI, section 7, of the Constitution provides: "Money may be drawn from the Treasury only through an appropriation made by law and upon a Controller's duly drawn warrant." Government Code section 12440 provides: "The Controller shall draw warrants on the Treasurer for the payment of money directed by law to be paid out of the treasury; but a warrant shall not be drawn unless authorized by law, and unless unexhausted specific appropriations provided by law are available to meet it." The Controller also contends that he was precluded from giving effect to the 1976 amendment of section 68203 by article III, section 3.5 of the Constitution, adopted June 6, 1978, which provides that an "administrative agency" has no power to refuse to enforce a statute on grounds of constitutional invalidity unless an appellate court has declared it unconstitutional.

 Whatever the effect of these restrictions on the Controller's power to pay salary or pension increases in disregard of a statute that was subsequently held unconstitutional, the restrictions are not determinative here. The exception provided by Civil Code section 3287, on which he relies, applies only when the "debtor" is prevented by law from paying the debt. The Controller is not the debtor. The 1976 amendment of section 68203 was held invalid because it violated the contractual rights of judges and pensioners not against the Controller but against the State of California. "When agreements of employment between the state and public employees have been adopted by governing bodies, such agreements are binding and constitutionally protected. [Citation.] In the instant case the Legislature in 1969 adopted the full cost-of-living increase provision, *binding the state* to pay persons employed at the represented compensation for their terms of office." (*Olson* v. *Cory I, supra,* 27 Cal.3d 532, 538, italics supplied.)

 The state is therefore the debtor; moreover, it is subject to claims of interest under Civil Code section 3287, subdivision (a), which states that it "is applicable to recovery of damages and interest from any such debtor, including the state, or any county, city, city and county, municipal corporation, public district, public agency, or any political subdivision of the state."

 The only "law" that might plausibly be claimed to have prevented the state as debtor from paying the debts to plaintiffs on which interest is

now claimed was the 1976 amendment to section 68203. But the adoption of that amendment was an act of the state itself that conflicted with its constitutional obligations toward plaintiffs. Regardless of the amendment's effect on the duties of the Controller and other public officials, it would be anomalous to hold that legislation voluntarily promulgated by the debtor itself constitutes a "law" by which the debtor is "prevented" from fulfilling its overriding obligations.

This conclusion is consistent with *Benson* v. *City of Los Angeles* (1963) 60 Cal.2d 355 [33 Cal.Rptr. 257, 384 P.2d 649], where a claimant to widow's pension benefits was awarded interest notwithstanding the defendant city's contention that a city charter amendment purporting to deny the benefits caused the city to be "prevented by law" from paying them. Emphasizing prejudgment uncertainty over the charter amendment's constitutionality, this court held in effect that the city could not use its own charter provision as a defense to the claim of interest under Civil Code section 3287. Though plaintiffs here cite an Attorney General's opinion (60 Ops.Cal.Atty.Gen. 153 (1977)) to show preexisting doubts over the validity of the 1976 amendment to section 68203, plaintiffs' right to interest does not turn on their ability to establish that any such doubts were brought to the attention of one or more state officials. An invalid statute voluntarily enacted and promulgated by the state is not a defense to its obligation to pay interest under Civil Code section 3287, subdivision (a).

The Controller expresses concern that to exclude a constitutionally defective statute as the source of a "prevented-by-law" defense to a claim for interest accruing against the state prior to the final judicial determination of unconstitutionality may put him in the untenable position of having to foresee at his own risk what that determination will be. But questions of the Controller's duties to pay the disputed amounts during that period are distinct from the obligation of the *state* to make such payments. A parallel distinction was made in *California State Employees' Assn.* v. *Cory* (1981) 123 Cal.App.3d 888 [176 Cal.Rptr. 904]. There, state employees sought a writ of mandate to compel the Controller to pay interest on lump sum salary payments that had accrued while the constitutionality of the bill appropriating funds for the payments was litigated and finally upheld by this court (see *Jarvis* v. *Cory* (1980) 28 Cal.3d 562 [170 Cal.Rptr. 11, 620 P.2d 598]). The Controller conceded, and the Court of Appeal apparently agreed, that the plaintiff employees had a right to the interest under Civil Code section 3287. (123 Cal.App.3d at pp. 891, 895.) Nonetheless, it was held that the Controller could not be compelled by mandate to pay the interest in the absence of a legislative appropriation of the amount required. So here, we have concluded that the plaintiffs' rights to interest under Civil Code section 3287 cannot be defeated by a claim that the State of California was pre-

vented by law from paying the full amounts due plaintiffs during that period. That conclusion implies that component organs of state government, including the Legislature, could have made the payments. It does not necessarily follow that the Controller during that period could have been judicially compelled to make the payments or that he incurred personal liability for failing to do so.

## INTEREST ON JUDICIAL PENSIONERS' CLAIMS

Defendants contend that plaintiffs are not entitled to interest on the increases in judicial pensions mandated by *Olson* v. *Cory I* because those pensions were and are payable entirely out of the Judges' Retirement Fund (Gov. Code, § 75100). They rely on *Jorgensen* v. *Cranston* (1962) 211 Cal.App.2d 292 [27 Cal.Rptr. 297], and *Willens* v. *Cory* (1975) 53 Cal.App.3d 104 [125 Cal.Rptr. 670], holding that the right to interest against the state or its subdivisions under Civil Code section 3287 does not apply to "claims against public retirement funds [such as the Judges' Retirement Fund] reasonably challenged by the State Controller" (*Jorgensen,* 211 Cal.App.2d at p. 302, quoted and followed in *Willens,* 53 Cal.App.3d at p. 106). A legislative intent to exclude such claims from Civil Code section 3287 was inferred from the perceived duty of the Controller, as trustee of the Judges' Retirement Fund, to resolve any doubts about claims against the fund before making payment (citing Rest.2d Trusts, § 207, com. c, at p. 470).[4]

This court, however, has not adopted any such special-fund exception to the right of interest under Civil Code section 3287. In *Benson* v. *City of Los Angeles, supra,* 60 Cal.2d 355, 365, we simply distinguished *Jorgensen* as inapplicable to salary or pension obligations payable out of the public debtor's general fund by observing that "the judges' retirement fund is a special trust fund and as such *may* not fall within the meaning of section 3287" (italics added). In *Mass* v. *Board of Education, supra,* 61 Cal.2d 612, we upheld a claim for interest on wrongfully withheld salary "since it involves recovery upon a general underlying monetary obligation" (*id.* at p. 626) and noted that *Jorgensen* and other cases "may be distinguished on the narrow ground that they involved mandamus actions against a trustee of a special fund." (*Id.* at p. 625, fn. 8.) Recoverability of interest on judicial pension claims under Civil Code section 3287 was thus left an open question in this court.

---

[4]As of July 1, 1979, most of the Controller's responsibilities for the fund were assumed by the Board of Administration of the Public Employees' Retirement Fund. All payments from the fund are "made upon warrants drawn by the State Controller upon demands by" that board. (Gov. Code, § 75005.)

Nothing in the wording of Civil Code section 3287 suggests that the right to recover interest from the state varies in accordance with the particular fund out of which the underlying obligation was payable. As explained, we have concluded that even the right to interest on salary increases payable out of the state's general fund is not nullified or diminished by any obligation that the Controller may have to refrain from paying apparent debts of the state that are clouded by legal uncertainties until those uncertainties are removed. Thus, the existence of such an obligation with respect to the Judges' Retirement Fund, relied on in *Jorgensen,* does not establish any difference between the right to interest on debts payable out of that fund and the right to interest on debts payable out of the state's general fund. Accordingly, plaintiffs are entitled to interest on judicial pension payments adjudged in *Olson* v. *Cory I.* Statements to the contrary in *Jorgensen* v. *Cranston, supra,* 211 Cal.App.2d 292, 300-302, *Willens* v. *Cory, supra,* 53 Cal.App.3d 104, and *Gibbons & Reed Co.* v. *Dept. of Motor Vehicles* (1963) 220 Cal.App.2d 277, 289 [33 Cal.Rptr. 688], are disapproved.

## INTEREST ON MUNICIPAL COURT JUDICIAL SALARY CLAIMS

Salaries of municipal court judges, unlike those of other courts of record, are paid solely out of county funds. (Gov. Code, § 71220.) The county-auditor defendants contend that therefore the increases in municipal court salaries ordered in *Olson* v. *Cory I* were county obligations on which the county need not pay prejudgment interest accruing before that decision was rendered because during that time they were "prevented by law" (Civ. Code, § 3287) from paying the increases. They rely on *Sonoma County Organization of Public Employees* v. *County of Sonoma* (1979) 23 Cal.3d 296 [152 Cal.Rptr. 903, 591 P.2d 1].

In *Sonoma,* this court held that a statute that purported to nullify wage increase agreements between local public entities (including counties) and their employees was an unconstitutional impairment of the obligation of contract, and we ordered the increases paid. The plaintiffs' claim to interest on those payments, however, was denied on the ground that the local entities were "prevented by law . . . from paying the debt" (Civ. Code, § 3287) on account of the serious financial hardship, through withholding of state funds, provided by the unconstitutional statute as a penalty for exceeding its guidelines.

The present case resembles *Sonoma* in that the counties were powerless to contravene an invalid statute in order to pay the debts in question before the statute's invalidity was judicially determined. But in *Sonoma* the debts were created by contracts independently entered into by the counties, whereas here the municipal court judges' salary claims were based wholly on state

statutes (Gov. Code, §§ 68202-68203) enacted pursuant to the Legislature's sole constitutional power to prescribe the number and compensation of municipal court judges (Cal. Const., art. VI, §§ 5, 19). The increases in such compensation, on which interest is now claimed, were held owing in *Olson* v. *Cory I* because section 68202 prior to its 1976 amendment constituted a contract between municipal court judges and the *state*.

"A county is the largest political division of the State having corporate powers." (Gov. Code, § 23000.) Counties have corporate powers conferred by the Constitution (e.g., art. XI, §§ 1, subd. (b), 3, 4) and by statute (e.g., Gov. Code, § 23003 et seq.). Thus, in *Sonoma* the wage increase claims on which interest was denied emanated from the powers of the counties' governing bodies to provide for the compensation of county employees (Cal. Const., art. XI, § 1, subd. (b)) through collective bargaining contracts with employee organizations (Gov. Code, § 3500 et seq.; *Sonoma*, 23 Cal.3d at p. 304).

With respect to municipal court judges' compensation, however, counties function solely as "legal subdivisions of the State" (Cal. Const., art. XI, § 1, subd. (a); Gov. Code, § 23002) having purely ministerial functions. The Legislature's power to fix that compensation (Cal. Const., art. VI, §§ 5, subd. (a), 19) is immune from any interference or modification by county boards of supervisors or county officials, who have no choice but to pay the compensation out of county funds as ordered by the Legislature (Gov. Code, § 71220).

▮▮▮ Earlier in this opinion, we concluded that the liability for interest on state-paid judicial salary claims is not barred by any right or duty of the Controller to withhold payments that are clouded by legal uncertainty, and that such liability for interest on judicial pensioners' claims is not barred by the fact that the pensions are payable out of a special retirement fund. In light of those conclusions, we hold that the right to interest on municipal court judges' salary claims is barred neither by duties of county fiscal officers to withhold legally questionable payments until the uncertainties are judicially dispelled nor by the fact that the state has ordered the salaries paid out of county funds. Since the salaries are prescribed exclusively by the Legislature, the Legislature's 1976 amendment of section 68203, insofar as held inoperative in *Olson* v. *Cory I*, cannot be deemed a "law" that prevented counties from paying the municipal court judicial salary claims.

### EFFECT OF PRELIMINARY INJUNCTION

As noted earlier the trial court granted plaintiffs a preliminary injunction by which the Controller and county auditors were ordered to withhold 25

percent of the payments due under *Olson* v. *Cory I,* apparently to secure plaintiffs' attorney fees. As to this 25 percent, the state and counties clearly were "prevented by law," i.e., the injunction, from making such payments and so cannot be held liable for interest accruing while the injunction is in effect. ■ Plaintiffs contend they are equitably entitled to such interest because the debtors have had use of the money. Civil Code section 3287, however, relieves debtors of the obligation for interest when payment is prevented by law, regardless of such equitable considerations. Plaintiffs, of course, do not and could not dispute the validity of the injunction which they themselves obtained.

Let a peremptory writ of mandate issue, directing the trial court to vacate its order denying plaintiffs' motion for an order specifying that plaintiffs' right to interest is an issue without substantial controversy and to make a different order consistent with this opinion.

The parties shall bear their own costs.

Mosk, J., Richardson, J., Kaus, J., Grodin, J., and Evans, J.,* concurred.

**BIRD, C. J.**—Under the compulsion of *Olson* v. *Cory* (1980) 27 Cal.3d 532 [178 Cal.Rptr. 568, 636 P.2d 532] (*Olson* v. *Cory I*), I concur in Justice Reynoso's well-reasoned opinion in this case.

However, I believe that *Olson* v. *Cory I* was wrongly decided, and I view that opinion as a legal disaster. My concurrence in this opinion is not meant to imply my approval of any portion of the decision in *Olson* v. *Cory I.*

---

*Assigned by the Chairperson of the Judicial Council.