[Civ. No. 68311. Second Dist., Div. Four. Jan. 27, 1984.]

LELAND W. GEILER, Plaintiff and Appellant, v.
COMMISSION ON JUDICIAL PERFORMANCE,
Defendant and Respondent.

COUNSEL

Lemaire, Faunce & Katznelson and Mark Ellis Singer for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Henry G. Ullerich and Martin H. Milas, Deputy Attorneys General, for Defendant and Respondent.

OPINION

KINGSLEY, J.—Petitioner appeals from a judgment denying his petition for a writ of mandate. We affirm.

From December 30, 1966, until October 25, 1973, petitioner was a judge of the Municipal Court of the Los Angeles Judicial District. On the latter date, he was removed from office for " 'wilful misconduct in office' " and " 'conduct prejudicial to the administration of justice that brings the judicial office into disrepute.' " (*Geiler* v. *Commission on Judicial Qualifications* (1973) 10 Cal.3d 270, 276 [110 Cal.Rptr. 201, 515 P.2d 1].) On June 24, 1980, he submitted to respondent commission an application for a disability retirement, purportedly under section 75060 of the Government Code. The application was summarily denied without a hearing. He then instituted the present petition for a writ of mandate, to secure an allowance of the retirement pension. After a hearing, the petition was denied. He has appealed. We affirm.

The record before us reflects two possible grounds for the denial: (1) laches; (2) ineligibility under the statute for the pension sought. The commission gave no reason for the denial; the trial court denied the petition on the second ground. Consequently, we do not here consider the laches ground although it would seem to have some merit, although arguably that ground, if relied on, might well have required a hearing. We decide the

case before us on the ground expressly relied on by the trial court—ineligibility for the pension sought.

Section 75060 of the Government Code reads as follows:

"(a) *Any judge* who is unable to discharge efficiently the duties of his office by reason of mental or physical disability that is or is likely to become permanent may, with his consent and with the approval of the Chief Justice or Acting Chief Justice and the Commission on Judicial Qualifications, be retired from office. The consent of the judge shall be made on a written application to the Commission on Judicial Qualifications. The retirement shall be effective upon approval by the designated officers, except as provided in subdivision (b) of this section. A certificate evidencing such approval shall be filed with the Secretary of State. Upon the filing of the certificate, a successor shall be appointed to fill the vacancy.

"(b) Any judge who dies after executing an application evidencing his consent that has been received in the office of the commission and before the approval of both of the designated officers has been obtained shall be deemed to have retired on the date of his death if the designated officers, prior to the filling of the vacancy created by such judge's death, file with the Secretary of State their certificate of approval.

"(c) No retirement under this section may be approved unless a written statement by a physician or psychiatrist that he has personally examined the judge applying for retirement under this section and that he is of the opinion that the judge is unable to discharge efficiently the duties of his office by reason of a mental or physical disability that is or is likely to become permanent is presented to the persons having the responsibility to approve or disapprove the retirement." (Italics added.)

Admittedly, petitioner presented to the commission a medical certificate reporting that he was, during his term of office, blind in one eye and with severly impaired vision in the other eye. That certificate, if petitioner were legally qualified for a disability retirement would have entitled him to a hearing.[1] ▮ But if, as the trial court concluded, and we conclude, petitioner was not, at the time of his application, entitled to any retirement benefit, it is immaterial whether, between 1966 and 1973, he suffered from a disqualifying disability.

---

[1] We need not, and do not, here decide whether the medical condition shown in the supporting certificate would, as a matter of fact or law, amount to the disability required by section 75060.

Relying on the use, at the start of section 75060, of the words "any judge" the position of the commission before the trial court and here, is that a request for a disability retirement must be presented while the person requesting it is still a judge, and that the statute does not provide for a "retirement" pension for an ex-judge who is no longer in office.

We are referred to, and know of, only two cases that bear on the issue before us. As did the trial court, we find neither of them helpful to petitioner in this case.

In *Pearson v. County of Los Angeles* (1957) 49 Cal.2d 523 [319 P.2d 623], a deputy sheriff was given a notice of discharge for allegedly improper conduct. He duly requested a hearing before the county civil service commission but such a hearing was never held because it was postponed pending the disposition of criminal charges involving the same conduct. Those charges resulted in a finding of guilty, a grant of probation, and an ultimate dismissal when the conditions of probation were met. Pearson's application for retirement was presented while the charges were pending but long before any hearing (which, in fact, was never held). The holding of the Supreme Court was that, until the civil service hearing was held and an order made by that body, Pearson was still a deputy sheriff, although off the payroll. Here, petitioner had ceased to be a judge seven years before he sought a "retirement" pension.

In *Willens v. Commission on Judicial Qualifications* (1973) 10 Cal.3d 451 [110 Cal.Rptr. 713, 516 P.2d 1], petitioner was a judge of the Municipal Court, Stockton Judicial District. In 1970, between the primary and general election for that office, he was indicted on criminal charges. He was defeated for reelection. On the date of that election, he filed his request for a disability retirement under section 75060. Admittedly, he was disabled. The Supreme Court held him entitled to the retirement pension requested. It held that, although his indictment prevented him from *acting* as a judge, he was still a "judge" and entitled to his salary, until he was defeated for reelection and his term expired. As such, his retirement rights had become "vested" prior to his leaving office and could not be defeated by something that occurred after the rights had vested by filing an application for retirement while he still held office.

As we have said above, neither case assists petitioner here. He waited until he had ceased to be a judge—waited seven years—to even seek a disability retirement. He was no longer in a position to be "retired"—the Supreme Court had seen to that in 1973.

The judgment is affirmed.

Woods, P. J., and McClosky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 29, 1984. Bird, C. J., did not participate therein.