[No. A019156. First Dist., Div. Three. Sept. 12, 1984.]

In re the Marriage of TINA M. and FLEMING D. GREEN.
TINA M. GREEN, Respondent, v.
FLEMING D. GREEN, Appellant.

**COUNSEL**

John J. DeBruin for Appellant.

Walter, Pistole & Spohn and Valerie Pistole for Respondent.

**OPINION**

**WHITE, P. J.**—California Rules of Court, rule 5.1 (effective July 1, 1981) which permits appendices or a joint appendix in lieu of the clerk's transcript, inter alia requires: inclusion of those documents listed in California Rules of Court, rule 5(d), subdivisions (1) through (5)[1] (rule 5.1(b)(1)), and in the case of a joint appendix, required indices[2] (rule 5.1(b)(6)). Appellant here on January 1, 1984, filed a single[3] bound document entitled "Opening Brief/Appendix" that failed to contain the notice of appeal, conformed copies and required indices and numbering pages.

■ By an order dated March 28, 1984, we denied respondent's motion to dismiss, granted respondent's alternative motion for sanctions, struck the filing of appellant's opening brief and ordered him to comply with the above-mentioned rules. As he has failed to comply with these rules, we dismiss and impose a sanction of $500 pursuant to California Rules of

[1]California Rules of Court, rule 5(d)(1) specifically requires the notice of appeal.

[2]California Rules of Court, rule 5.1(c)(1), (2) provides that the appendix shall conform to the requirements of California Rules of Court, rule 9(a), (d), (e), and requires that the *document copies* shall be *conformed* to show the date of filing in the trial court *if the clerk's date-stamp* is not on them. [¶] California Rules of Court, rule 9(a), (d), (e) so far as pertinent requires *consecutive numbering of pages,* a *chronological and alphabetical index* referring to each paper or record as well as *chronological arrangement and separate binding* of the appendix. (Italics added.)

[3]California Rules of Court, rule 5.1(c)(1) also states: "An appendix shall be bound separately."

Court, rule 5.1, subdivision (i) set forth below.[4] The function of subdivision (i) is to assure the accuracy of the record on appeal. (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 401 [178 Cal.Rptr. 568, 636 P.2d 532].)

Scott, J., and Barry-Deal, J., concurred.

---

[4] "(1) Filing an appendix constitutes a representation by counsel that the appendix consists of true and correct copies of the papers in the superior court file. *Willful or grossly negligent filing of an appendix containing nonconforming copies is an unlawful interference with the proceedings of the reviewing court,* and subjects the counsel filing the brief, and the party represented, to *monetary and any other appropriate sanctions.* [¶] (2) If an appellant's appendix is *so inadequate that justice cannot be done without requiring inclusion of documents in the respondent's appendix* which should have been in the appellant's appendix, or without the court's *independent examination of portions of the original record which should have been in the appellant's appendix, the court may impose monetary sanctions.*" (Italics added.)