[No. B022560. Second Dist., Div. Two. Apr. 8, 1987.]

FRANKLIN TOM, as Corporations Commissioner, etc., Plaintiff and Respondent, v.
SCHOOLHOUSE COINS, INC., Defendant and Appellant.

COUNSEL

Kaplan, Kenegos & Kadin, Jerry Kaplan and David Craig Bernstein for Defendant and Appellant.

G. W. McDonald, Alan S. Weinger and Diane Coleman for Plaintiff and Respondent.

OPINION

**FUKUTO, J.**—Schoolhouse Coins, Inc. (hereinafter Schoolhouse) appeals from an order of the superior court issued pursuant to Government Code section 11188, which compels compliance with a subpoena duces tecum issued by the Commissioner of Corporations (hereinafter Commissioner).[1]

[1]Government Code section 11188 allows judicial enforcement of subpoenas issued by state executive departments. Commissioner asserts that the challenged order is not appealable and suggests that this appeal should be treated as a petition for writ of mandate. Several cases are cited which employ this approach. (See, e.g., *Barnes* v. *Molino* (1980) 103 Cal.App.3d 46, 50-51 [162 Cal.Rptr. 786]; *Franchise Tax Board* v. *Barnhart* (1980) 105 Cal.App.3d 274, 277 [164 Cal.Rptr. 331].) However, dicta in several appellate court decisions suggests that "orders requiring compliance with the subpoenas are appealable as final judgments in special proceedings. . . ." (*Wood* v. *Superior Court* (1985) 166 Cal.App.3d 1138, 1140 [212 Cal.Rptr. 811]; see also *Franchise Tax Board* v. *Barnhart, supra,* 105 Cal.App.3d at p. 277.) Occasionally,

The issues presented are whether an administrative subpoena duces tecum issued by the Commissioner requiring a seller of numismatic coins to disclose the names and addresses of its customers (1) violates the customers' right to privacy guaranteed by article I, section 1, of the California Constitution; (2) is necessary to achieve a compelling state interest; and (3) is the least burdensome method to achieve the purposes of the Department of Corporations.

On February 5, 1986, the Commissioner served on Schoolhouse an administrative subpoena duces tecum requiring production of various business records including, in relevant part, the "[n]ames, addresses, and telephone numbers of all investors in coins or coin investments." Schoolhouse produced the requested information for 25 of its customers, whom it claimed consented to disclosure, but refused to furnish the names and addresses of its remaining customers, asserting a right of privacy on their behalf. Pursuant to Government Code section 11187, the Commissioner petitioned the superior court for an order compelling production of a complete customer list. The declarations in support of the petition established, inter alia, that the information was needed "in connection with the Commissioner's investigation and examination of [Schoolhouse's] business operations and practices in connection with the possible offer and sale of unqualified securities in violation of Corporations Code Section 25110."[2] At the order to show cause hearing, the Commissioner acknowledged that it had already determined that Schoolhouse was offering unqualified securities for sale, and had issued orders restraining such conduct. The Commissioner nevertheless pressed for disclosure of the names and addresses of customers, arguing such persons could provide information regarding representations made and expectations held by investors, relevant to its investigation into whether fraud had been committed in the offering of unqualified securities. The superior court found that the public interest in disclosure outweighed any privacy interest asserted on behalf of Schoolhouse's customers and ordered compliance with the subpoena duces tecum.

---

appeals have been taken from similar orders and decided on the merits, without discussion of the appealability issue. (See, e.g., *Younger* v. *Jensen* (1980) 26 Cal.3d 397 [161 Cal.Rptr. 905, 605 P.2d 813]; *Board of Medical Quality Assurance* v. *Gherardini* (1979) 93 Cal.App.3d 669 [156 Cal.Rptr. 55]; *Fielder* v. *Berkeley Properties Co.* (1972) 23 Cal.App.3d 30 [99 Cal.Rptr. 791].) As the Supreme Court is among those courts appearing to assume the appealability of orders made under Government Code section 11188, we decline the Commissioner's invitation to treat the matter as a writ petition, and address the contentions raised on the merits.

[2]Corporations Code section 25110 provides, in relevant part: "It is unlawful for any person to offer or sell in this state any security in an issuer transaction ..., whether or not by or through underwriters, unless such sale has been qualified under Section 25111, 25112 or 25113 ... or unless such security or transaction is exempted under Chapter 1 (commencing with Section 25100) of this part."

Appellant's contention that the superior court erred in ordering compliance with the subpoena duces tecum is meritless. It is common knowledge that securities transactions are heavily regulated by both the state and federal governments. An investor in regulated securities has no reasonable expectation that his or her identity will be withheld from the state and federal agencies responsible for enforcing securities laws. (Cf. *People* ex rel. *Franchise Tax Bd.* v. *Superior Court* (1985) 164 Cal.App.3d 526, 541 [210 Cal.Rptr. 695].)

Furthermore, to the extent Schoolhouse's customers have such a financial privacy interest, it is adequately protected by Government Code section 11183, which makes it a misdemeanor for any public officer to divulge information pertaining to the "confidential or private transactions, property or business of any person" acquired pursuant to the investigative authority conferred by Government Code sections 11180 and 11181. Additional protection is afforded by the provisions of the Information Practices Act of 1977 (Civ. Code, § 1798 et seq.) which bar disclosure of "personal information" regarding "financial matters" gathered by any department of the state, without "prior written voluntary consent of the individual to whom the record pertains, . . ." (Civ. Code, §§ 1798.3, 1798.24, 1798.53.)[3]

Even assuming Schoolhouse's customers were unaware that they were purchasing regulated securities, and reasonably expected that their identities would not be disclosed, the Commissioner has a sufficiently compelling governmental interest in identifying and rectifying violations of the securities laws to justify the de minimus intrusion caused by the disclosure of coin collectors' names and addresses. (Cf. *Younger* v. *Jensen, supra,* 26 Cal.3d at p. 405; *Brovelli* v. *Superior Court* (1961) 56 Cal.2d 524, 529 [15 Cal.Rptr. 630, 364 P.2d 462]; *Barnes* v. *Molino, supra,* 103 Cal.App.3d at p. 52.) The deposit agreements, sample coin collection agreements, newsletters, and other promotional materials, voluntarily furnished to the Commissioner during the course of its investigation, may well shed some light on whether suspected violations of the securities laws occurred. However, customers, who obviously cannot be contacted if their identities remain unknown, could furnish additional information regarding representations made to induce investment and Schoolhouse's performance of its obligations under the coin collection contracts. The demand for the "[n]ames, addresses and telephone numbers of all investors in coins or coin investments" was not too indefinite and was reasonably relevant to the duties of and the intended investigation of the Commissioner. (*People* ex rel. *Franchise Tax Bd.* v. *Superior Court,*

---

[3]Notably, the Information Practices Act permits disclosure of such personal information by a state agency "when required for an investigation of unlawful activity. . . ." or "as necessary for an investigation by [another state] agency of a failure to comply with a specific state law which the agency is responsible for enforcing." (Civ. Code, § 1798.24, subds. (o) and (p).)

*supra,* 164 Cal.App.3d at p. 540.) As there was no less intrusive means for the Commissioner to accomplish the investigation, the superior court correctly concluded that the subpoena was regularly issued, and ordered Schoolhouse to produce a list of its customers. (Cf. *Board of Medical Quality Assurance* v. *Gherardini, supra,* 93 Cal.App.3d at p. 682.)

The order is affirmed.

Roth, P. J., and Compton, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 24, 1987.