[No. B100511. Second Dist., Div. Five. Oct. 17, 1996.]

KEITH PAUL BISHOP, as Commissioner of Corporations, etc., Plaintiff and Respondent, v.
MERGING CAPITAL, INC., et al., Defendants and Appellants.

COUNSEL

Einhorn & Edgerton, Irving M. Einhorn and David Maurer for Defendants and Appellants.

Keith Paul Bishop, in pro. per., G. W. McDonald, Alan S. Weinger, Linda Stella and Natalie C. Roberts for Plaintiff and Respondent.

OPINION

ARMSTRONG, J.—Appellant Merging Capital, Inc. (MCI) is a California corporation whose sole shareholder, officer, and director is Timothy Traub.

Appellant Link 900 Partners (Link) is a general partnership in the formation stage. Traub is the custodian of records for both entities.

On or about November 6, 1995, the California Department of Corporations (DOC) issued a subpoena duces tecum to the custodian of records for MCI and Link. Before producing the documents, Traub requested assurances from the DOC that his testimonial act of producing the documents would not be used against him in any subsequent criminal prosecution. The DOC refused to provide such assurances. Consequently, appellants refused to produce the subpoenaed documents "because, to do so, may violate the custodian's Fifth Amendment right against self-incrimination."

On January 23 and 24, 1996, pursuant to Government Code section 11187,[1] the DOC filed a petition for an order compelling compliance with the subpoena duces tecum, and on January 24, 1996, filed an ex parte application requesting the same relief. The trial court issued an order to show cause and, after the parties filed an opposition and a reply, the court issued an order to produce, as provided by Government Code section 11188,[2] requiring the custodian to comply with the subpoena.

MCI and Link appealed that order, challenging the legality of the trial court's order compelling the custodian of records to produce the documents specified in the subpoena. Appellants argue: "If the order is not reversed or modified, the custodian of records may be forced to involuntarily incriminate himself in a future criminal proceeding."

Because an order to produce is not among the appealable orders set forth in Code of Civil Procedure section 904.1, we asked the parties to brief the appealability of the subject order. While acknowledging that the Code of Civil Procedure does not specify that such an order is appealable, both parties ask this court, in the interests of judicial economy and efficiency, to treat the order to produce as an appealable order and decide this matter on the merits. We decline the parties' invitation to ignore the clear statutory mandates which are the sole source of this court's jurisdiction, and dismiss the appeal.

---

[1]Government Code section 11187 provides in pertinent part: "If any witness refuses to . . . produce any papers required by . . . subpoena the head of the department may petition the superior court . . . for an order compelling the person to . . . produce the papers required by the subpoena before the officer named in the subpoena."

[2]Government Code section 11188 provides in part: "Upon the filing of the petition the court shall enter an order directing the person to appear before the court . . . and then and there show cause why he has not . . . produced the papers as required. . . . If it appears to the court that the subpoena was regularly issued by the head of the department, the court shall enter an order that the person appear before the officer named in the subpoena at the time and place fixed in the order and . . . produce the required papers. Upon failure to obey the order, the person shall be dealt with as for contempt of court."

## DISCUSSION

■ Subject to certain narrow constitutional limitations, there is no right to appeal. (*Lindsey* v. *Normet* (1972) 405 U.S. 56, 77 [31 L.Ed.2d 36, 52-53, 92 S.Ct. 862, 876]; *Trede* v. *Superior Court* (1943) 21 Cal.2d 630, 634 [134 P.2d 745].) The California Supreme Court has repeatedly held that the right to appeal is wholly statutory. (*People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976], disapproved on another point in *People* v. *Green* (1980) 27 Cal.3d 1, 34-35 [164 Cal.Rptr. 1, 609 P.2d 468] ["a judgment or order is not appealable unless expressly made so by statute"]; *Skaff* v. *Small Claims Court* (1968) 68 Cal.2d 76, 78 [65 Cal.Rptr. 65, 435 P.2d 825] ["a party possesses no right of appeal except as provided by statute"]; *People* v. *Keener* (1961) 55 Cal.2d 714, 720 [12 Cal.Rptr. 859, 361 P.2d 587], disapproved on another point in *People* v. *Butler* (1966) 64 Cal.2d 842, 844 [52 Cal.Rptr. 4, 415 P.2d 819] ["an order is not appealable unless declared to be so by the Constitution or by statute"]; *People* v. *Valenti* (1957) 49 Cal.2d 199, 204 [316 P.2d 633], disapproved on another point in *People* v. *Sidener* (1962) 58 Cal.2d 645, 647 [25 Cal.Rptr. 697, 375 P.2d 641] ["the right of appeal is statutory and a judgment . . . is not appealable unless it is expressly made so by statute"]; *Modern Barber Col.* v. *Cal. Emp. Stab. Com.* (1948) 31 Cal.2d 720, 728 [192 P.2d 916] ["the Legislature has the power to declare by statute what orders are appealable, and, unless a statute does so declare, the order is not appealable"]; *Trede* v. *Superior Court, supra,* 21 Cal.2d at p. 634 [there being no constitutional right of appeal, "the appellate procedure is entirely statutory and subject to complete legislative control"]; *Superior Wheeler C. Corp.* v. *Superior Court* (1928) 203 Cal. 384, 386 [264 P. 488] ["right of appeal is statutory and may be granted or withheld"].)

■ Both parties concede that the Legislature has not made appealable an order to produce. Nonetheless, they argue that this court should review the trial court's order to produce, for various reasons.

According to the DOC, "The appealability issue has been dealt with in either one of two ways or ignored completely." Some appellate courts have concluded that an order issued pursuant to Government Code section 11188 is directly appealable as a final judgment in a special proceeding. (*Millan* v. *Restaurant Enterprises Group, Inc.* (1993) 14 Cal.App.4th 477 [18 Cal.Rpt. 198].) Other courts have determined that while an order made pursuant to Government Code section 11188 is not appealable, the appeal can properly be treated as a petition for writ of mandate. (*Franchise Tax Board* v. *Barnhart* (1980) 105 Cal.App.3d 274, 277 [164 Cal.Rptr. 331]; *Barnes* v. *Molino* (1980) 103 Cal.App.3d 46, 51 [162 Cal.Rptr. 786].) Still others have

decided the appeal on the merits without any discussion of the issue of appealability (*Fielder* v. *Berkeley Properties Co.* (1972) 23 Cal.App.3d 30 [99 Cal.Rptr. 791]), or assumed that the order was appealable because "the Supreme Court is among those courts appearing to assume the appealability" of Government Code section 11188 orders. (*Tom* v. *Schoolhouse Coins, Inc.* (1987) 191 Cal.App.3d 827, 828, fn. 1 [236 Cal.Rptr. 541].)

Of course, these latter cases, which either avoid the issue altogether or "assume" appealability of the order, are of no persuasive value. ▉ It is an axiom of appellate practice that a case is not authority for an issue not considered therein. (*People* v. *Toro* (1989) 47 Cal.3d 966, 978, fn. 7 [254 Cal.Rptr. 811, 766 P.2d 577]; *People* v. *Gilbert* (1969) 1 Cal.3d 475, 482, fn. 7 [82 Cal.Rptr. 724, 462 P.2d 580].) ▉ Neither do the other cases cited by the parties convince us of the appealability of the order to compel.

The Fourth District Court of Appeal recently considered the appealability of an order compelling compliance with a subpoena. (*Millan* v. *Restaurant Enterprises Group, Inc., supra*, 14 Cal.App.4th 477, 485.) In that case, the Department of Labor Standards Enforcement (DLSE) issued a subpoena duces tecum to a corporation, the Restaurant Enterprise Group, Inc. (REG), which failed to comply with the subpoena. Upon petition to the superior court, REG was ordered to produce the subpoenaed documents. REG failed to comply with that order, but rather appealed it.

Following briefing on appeal, the DLSE filed a motion to dismiss the appeal, or, in the alternative, to treat the appeal as a petition for writ of mandate, contending that the ˙order compelling compliance was not an appealable order. After limited analysis, the Court of Appeal concluded that "the better view is that 'orders requiring compliance with the subpoenas are appealable as final judgments in special proceedings. . . .' [Citations.]" The sole reason articulated for this conclusion was that "the Supreme Court is among those courts which have assumed the appealability of such orders, . . ." (*Millan* v. *Restaurant Enterprises Group, Inc., supra*, 14 Cal.App.4th at p. 485.) As noted above, this is not compelling authority. Moreover, both the parties and the court in *Millan* assumed that the order to compel was immediately reviewable, but debated only whether that review was properly had by appeal or by writ. (*Ibid.*; cf. *Franchise Tax Board.* v. *Barnhart, supra*, 105 Cal.App.3d 274, 277; *Knoll* v. *Davidson* (1974) 12 Cal.3d 335 [116 Cal.Rptr. 97, 525 P.2d 1273].) Neither was the court concerned with whether REG was an "aggrieved party" within the meaning of Code of Civil Procedure section 902 since it had suffered no adverse consequence as a result of its refusal to produce the subpoenaed documents.

Both parties rely on *Olson* v. *Cory* (1983) 35 Cal.3d 390 [197 Cal.Rptr. 843, 673 P.2d 720] in which, we are told, the Supreme Court reiterated its

general test for appealability as follows: " '[W]here no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' (*Lyon* v. *Goss* (1942) 19 Cal.2d 659, 670 [123 P.2d 11].)" (*Olson* v. *Cory, supra*, at p. 399.) Neither party includes the introductory language to the foregoing quotation, which reads: "This court has held with respect to the finality, and consequent appealability, of declaratory judgments that . . . ." (*Ibid.*) Here, we are not called upon to apply the general test of appealability of a declaratory judgment, which, if final, is specifically appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a). Rather, we must determine whether an order to compel, which is not made appealable by statute, is nonetheless an appealable order.

In *Olson* v. *Cory, supra*, after concluding that the order appealed from was not appealable, the Supreme Court determined that the appellants lacked an adequate remedy at law, and therefore treated the appeal as a petition for writ of mandate. (*Olson* v. *Cory, supra*, 35 Cal.3d at p. 400.) No similar showing has been made here. To the contrary, in this case, MCI and Link were ordered to produce documents, they did not comply with that order, and nothing happened. Indeed, appellants presumably want to maintain the status quo: They do not want to produce the subpoenaed documents, and they do not want to suffer an adverse consequence as a result of their refusal to produce those documents. Consequently, any ruling rendered by this court would be in the nature of an advisory opinion. That is to say, if we were to rule in favor of the DOC, we would simply be advising the appellants that, if the DOC pursues contempt proceedings, and the trial court finds MCI and Link in contempt, we will uphold that ruling on appeal. Similarly, our decision in favor of appellants would amount to no more than our advice to the DOC that contempt proceedings will ultimately prove fruitless.

Finally, we note that, contrary to the parties' arguments, the interests of judicial economy and efficiency are not served by consideration of matters not properly before the court. The Supreme Court recently commented on this phenomenon in the context of criminal appeals of guilty pleas in the absence of a certificate of probable cause as required by Penal Code section 1237.5. (*People* v. *Panizzon* (1996) 13 Cal.4th 68, 89, fn. 15 [51 Cal.Rptr.2d 851, 913 P.2d 1061].) The court observed: "It has not escaped our attention that some appellate courts have proceeded to address the merits of a defendant's appeal following a guilty or nolo contendere plea despite the defendant's failure to strictly comply with section 1237.5 and rule 31(d). [Citations.] Reasoning that improperly presented appellate issues could return in

the form of a petition for a writ of habeas corpus, such courts chose to dispose of the issues on their merits in the apparent belief that the 'interest of judicial economy' would be served thereby." (*Ibid.*) Rejecting this reasoning, the court noted: "For the goal of judicial economy to be realized, it is critical that trial courts rigorously perform their duty to screen out frivolous or vexatious appeals before time and money are spent preparing the record and the briefs for consideration by the appellate courts." (*Ibid.*) It is, of course, the corresponding duty of the appellate courts to refuse to decide issues not properly before them.

In sum, if and when appellants' refusal to comply with the trial court's order results in an adverse consequence to them, they may seek the intervention of the appellate court, by appeal or by writ, as may be appropriate under the circumstances. Until that time, they have no cause to complain.

DISPOSITION°

The appeal is dismissed.

Turner, P. J., and Godoy Perez, J., concurred.

Opinions (*People* v. *Peterson*[1]; *People* v. *Gonzales*[2]; *People* v. *Casillas*[3]; *California Teachers Assn.* v. *Governing Bd. of Rialto Unified School Dist.*[4]; *People* v. *Hickles*[5]; *Coughlin* v. *Owens-Illinois, Inc.*[6]; *People* v. *Glaster*[7]; *Bickel* v. *City of Piedmont*[8]; *People* v. *Ledesma*[9]; and *People* v. *O'Roark*[10] on pages 1810-1869 omitted.

## REVIEWS GRANTED

[1]Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.

[2]Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.

[3]Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.

[4]See 14 Cal.4th 627 for Supreme Court opinion.

[5]On February 5, 1997, cause transferred to Court of Appeal, First Appellate District, Division Two, with directions.

[6]Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.

[7]Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.

[8]Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.

[9]Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.

[10]Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.

Pages 94-299:

(*People v. Pulido*[1]; *People v. Comauex*[2]; *Sullivan v. Delta Air Lines, Inc.*[3]; *Sinclair Paint Co. v. State Bd. of Equalization*[4]; *Garcia v. Superior Court*[5]; *People v. Jones*[6]; *Kentucky Fried Chicken of Cal., Inc. v. Superior Court*[7]; *People v. Drew*[8]; *People v. Superior Court (O'Donnell)*[9]; *Toland v. Sunland Housing Group, Inc.*[10]; *People v. Sowers*[11]; *People v. Helms*[12]; *People v. Allen*[13]; *Kinsgton Constructors, Inc. v. Washington Metropolitan Area Transit Authority*[14]; *Russell v. Stanford University Hospital*[15]; *People v. Tolbert*[16]; and *People v. Snook*[17])

[1]Review granted. Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.
[2]Review granted. Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.
[3]Review granted. Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.
[4]Review granted. Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.
[5]Review granted. See 14 Cal.4th 953 for Supreme Court opinion.
[6]Review granted. On February 26, 1997, review dismissed and cause remanded to Court of Appeal, First Appellate District, Division Four.
[7]Review granted. See 14 Cal.4th 814 for Supreme Court opinion.
[8]Review granted. Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.
[9]Review granted. Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.
[10]Review granted. Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.
[11]Review granted. Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.
[12]Review granted. Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.
[13]Review granted. Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.
[14]Review granted. See 14 Cal.4th 939 for Supreme Court opinion.
[15]Review granted. Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.
[16]Deleted on direction of Supreme Court by order dated December 23, 1996.
[17]Review granted. Reprinted without change in the Review Granted Opinions Pamphlet to permit tracking pending review and disposition by the Supreme Court.