Filed 9/12/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| LARRY STEVEN SCHINKEL, JR., | C073404 |
| Petitioner, | (Super. Ct. No. 99F03948) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING in mandate. Petition denied. Cheryl Chun Meegan, Judge.

Charles M. Bonneau, under appointment by the Court of Appeal, for Petitioner.

No appearance for Respondent.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kari Ricci Mueller, Deputy Attorneys General for Real Party in Interest.

1

Petitioner Larry Steven Schinkel, Jr. (defendant), who is serving an indeterminate life term under the "Three Strikes" law, filed a petition for resentencing under the Three Strikes Reform Act of 2012, passed by the voters as Proposition 36. The trial court denied the petition without a hearing because Schinkel's current conviction for solicitation of murder necessarily included an intent to cause great bodily injury, which is a disqualifying factor for resentencing under the Three Strikes Reform Act of 2012.

We treat defendant's appeal from the order denying his petition for resentencing as a petition for writ of mandate and conclude: (1) the trial court properly determined that defendant is ineligible for resentencing under the Three Strikes Reform Act of 2012 because his conviction for solicitation of murder necessarily included the intent to cause great bodily injury; (2) defendant is not eligible for resentencing on other nondisqualifying current convictions because the Three Strikes Reform Act of 2012 excludes defendant's class of dangerous criminals from the benefit of resentencing; and (3) defendant is not entitled to a jury trial on whether he is eligible for resentencing.

Having found no merit in defendant's contentions, we deny the petition for writ of mandate.

BACKGROUND

Defendant, who had prior strike convictions (specifically, he had six prior burglary convictions), engaged in sexual intercourse with a minor. After he was arrested on the charges related to the minor, he solicited another inmate to have the minor killed so that she could not testify against him. Convicted of four counts of sexual intercourse with a minor (Pen. Code, § 261.5, subd. (c)) and solicitation of murder (Pen. Code, § 653f, subd. (b)), defendant was eventually sentenced under the Three Strikes law to an indeterminate term of 25 years to life for solicitation of murder with two consecutive 25-year-to-life terms for two of the sexual intercourse counts, for an aggregate term of 75 years to life. Two 25-year-to-life terms for the other sexual intercourse counts were imposed

2

concurrently. (*People v. Schinkel* (Aug. 27, 2002, C036877) [nonpub. opn.].) (Hereafter, unspecified code citations are to the Penal Code.)

In November 2012, California voters passed Proposition 36, the Three Strikes Reform Act of 2012, which we refer to in this opinion as the Three Strikes Reform Act or, simply, the Act. The Act amended sections 667 and 1170.12 (relating to Three Strikes sentencing) and added section 1170.126 (relating to resentencing of defendants previously sentenced under the Three Strikes law). Among other things, the Act allows a defendant sentenced to an indeterminate life term under the Three Strikes law to file a petition for resentencing, but only if the defendant is eligible for resentencing under the Act.

Defendant, representing himself, filed a petition for resentencing under the Three Strikes Reform Act. Without a hearing, the court denied the petition. The court held that defendant was not eligible for resentencing because, with respect to the solicitation of murder conviction, defendant intended to cause great bodily injury.

Defendant filed a notice of appeal, and we appointed counsel to represent him on appeal.

The appealability of an order denying a defendant's petition for resentencing under the Three Strikes Reform Act is currently under review in the California Supreme Court. (See, e.g., *Teal v. Superior Court* (Second App. Dist., Div. Seven, Perluss, P. J., with Zelon and Segal, JJ., concurring), review granted July 31, 2013, S211708 [not appealable, but treated as petition for writ of mandate]; *People v. Hurtado* (Second App. Dist., Div. One, Mallano, P. J., with Rothschild and Johnson, JJ., concurring), review granted July 31, 2013, S212017 [appealable]; *People v. Leggett* (Third App. Dist., Raye, P. J., with Robie and Murray, JJ., concurring), review granted Dec. 18, 2013, S214264 [appealable under some circumstances, not appealable under others].) Since our opining either way will not resolve the appealability issue, we elect to treat the appeal as a petition for writ of mandate and reach the merits to promote judicial efficiency and

3

expedite final resolution of defendant's petition without waiting for the Supreme Court to act. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 401 [court has power to treat appeal as petition for writ of mandate under unusual circumstances]; *In re Martinez*, review granted May 14, 2014, S216922) [treating appeal of denial of petition for resentencing as habeas corpus petition to avoid appealability issue].)

DISCUSSION

I

*Eligibility for Resentencing for Solicitation of Murder*

This appeal deals exclusively with the resentencing provisions of the Three Strikes Reform Act, found in section 1170.126. That section allows a defendant sentenced under the Three Strikes law to petition for resentencing under some circumstances.

The resentencing provisions of the Three Strikes Reform Act require the trial court, in determining the defendant's eligibility for resentencing, to consider both the *prior convictions* that justified the Three Strikes sentencing in the first place (here, the six prior burglary convictions), as well as the *current convictions*, meaning the convictions for which the defendant is serving an indeterminate life term under the Three Strikes law (here, solicitation of murder and four counts of unlawful intercourse with a minor).

A defendant is *not* eligible for resentencing under the Three Strikes Reform Act if any of the *prior convictions* on which the Three Strikes sentence was based are among the offenses listed in section 667, subdivision (e)(2)(C)(iv) or section 1170.12, subdivision (c)(2)(C)(iv)(V), which list includes solicitation of murder (§ 653f). (§ 1170.126, subd. (e)(3).) Here, defendant's prior burglary convictions did not disqualify him from resentencing.

A defendant also is *not* eligible for resentencing under the Three Strikes Reform Act if the defendant's *current conviction* is for a serious or violent felony listed in section 667.5, subdivision (c), or section 1192.7, subdivision (c). (§ 1170.126, subd. (e)(1).)

4

None of defendant's current convictions (neither solicitation of murder nor unlawful intercourse with a minor) is listed as a serious or violent felony in these statutes.

Finally, a defendant is *not* eligible for resentencing under the Three Strikes Reform Act if the defendant's *current conviction* involved any of the circumstances listed in section 667, subdivision (e)(2)(C)(i)-(iii)) or section 1170.12, subdivision (c)(2)(C)(i)-(iii)). (§ 1170.126, subd. (e)(2).) The circumstance in those lists that is relevant to this case is that "[d]uring the commission of the current offense, the defendant . . . intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).) The question presented here is whether, by virtue of his conviction for solicitation of murder, defendant necessarily intended to cause great bodily injury and is therefore not eligible for resentencing under the Act.

The trial court based its denial of the petition for resentencing on the fact that defendant's current conviction for solicitation of murder necessarily included an intent to cause great bodily injury. On appeal, defendant contends this conclusion was error because: (1) solicitation of murder is not one of the enumerated current offenses that disqualifies a defendant from resentencing, (2) any intended injury must be (a) personally inflicted and (b) contemporaneous with the crime, and (3) the Three Strikes Reform Act requires that the disqualifying circumstance be pleaded and proved at trial.

A.    *Solicitation of Murder Necessarily Includes Intent to Cause Great Bodily Injury*

On appeal, defendant contends that his current conviction for solicitation of murder does not disqualify him from resentencing under the Three Strikes Reform Act. He relies on the fact that, while the offense is listed as a disqualifying prior conviction, it is not listed as a disqualifying current conviction. His argument carries some logic – if solicitation of murder is listed as a disqualifying prior conviction but not as a disqualifying current conviction, then the Legislature must have intended to allow resentencing under the Act for a current solicitation of murder conviction. However, the

argument is ultimately untenable because it would require us to ignore the voters' express desire to exclude from resentencing all defendants who have a current conviction involving an intent to cause great bodily injury. (See *Copley Press, Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1284 [we must give effect and significance to every word and phrase].)

Solicitation of murder is committed when a person "with the intent that the crime be committed, solicits another to commit or join in the commission of murder . . . ." (§ 653f, subd. (b).) Express malice, a specific intent to kill, is an element of solicitation of murder. (*People v. Bottger* (1983) 142 Cal.App.3d 974, 980.) Certainly, intending to kill someone involves intending to cause that person great bodily injury. Therefore, intent to cause great bodily injury is necessarily included in solicitation of murder.

B.    *No Personal Infliction or Contemporaneous Infliction Requirement*

Defendant argues that "there is an indication that the necessary intent is to inflict great bodily injury personally and concurrently or contemporaneously with the crime." To the contrary, neither personal infliction nor contemporaneous infliction is a part of the Three Strikes Reform Act exclusion from resentencing of offenses committed with intent to cause great bodily injury.

Concerning a personal infliction element of the great-bodily-injury provision of the Three Strikes Reform Act, defendant argues that "the electorate meant to refer to the elements of the sentence enhancement provision of section 12022.7, including the element of personal infliction of great bodily injury." Section 12022.7 provides for a sentence enhancement if the defendant "personally inflicts great bodily injury on any person . . . in the commission of a felony." (§ 12022.7, subd. (a).) While this sentence enhancement for *actual* infliction of great bodily injury expressly requires personal infliction of such injury, there is no indication the voters intended to adopt that express provision when they excluded from resentencing those who intended to cause great

6

bodily injury. The Act neither refers to section 12022.7 nor adopts the personal infliction language.

Concerning contemporaneous infliction of great bodily injury, there is also no authority for imputing an additional element. The provision of the Three Strikes Reform Act states that "[d]uring the commission of the current offense, the defendant . . . intended to cause great bodily injury to another person." (§§ 667, subd. (e)(2)(C)(iii); 1170.12, subd. (c)(2)(C)(iii).) This language does not imply that the injury had to occur during the commission of the offense; instead, it states only that, during the commission of the offense, the defendant intended to cause the injury. Here, defendant necessarily intended to cause great bodily injury to the witness when he solicited her murder.

C.      *What is Necessarily Included in Conviction Need Not be Separately Pleaded and Proved*

Finally, defendant argues that the trial court erred by excluding him from resentencing under the Three Strikes Reform Act because his intent to cause great bodily injury was neither pleaded nor proved in conjunction with his conviction for solicitation of murder. The argument fails to convince us, however, because, as noted above, intent to cause great bodily injury is necessarily included in the crime of solicitation of murder. Death is a significant and substantial physical injury. (See §§ 12022.7, subd. (f).) Therefore, intent to cause great bodily injury was pleaded and proved at trial by inexorable implication.

## II

### *Resentencing on Counts Other Than Solicitation of Murder*

Defendant contends that, even if he is not eligible for resentencing on the solicitation of murder count, he is eligible for resentencing on the other counts for which he received indeterminate life terms because those were not disqualifying current convictions. We disagree because defendant is one of the truly dangerous criminals that

7

the voters meant to exclude from the resentencing provisions of Three Strikes Reform Act.

Four of defendant's convictions were for sexual intercourse with a minor, which is not one of the disqualifying current convictions under Three Strikes Reform Act. He was sentenced on those four convictions to 25 years to life each (two consecutive and two concurrent terms). He argues that he should be resentenced on those counts. He bases his argument on the language of the statute, as well as *People v. Garcia* (1999) 20 Cal.4th 490 (*Garcia*).

It is undisputed that section 1170.126 does not mention whether a defendant is eligible for resentencing on qualifying current convictions, such as the sexual intercourse counts in this case, even if he also has a disqualifying current conviction, such as the solicitation of murder count. However, subdivision (a) of the statute states the purpose of the Act: "The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to [the Three Strikes law], whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).)

Applying this language to the question presented, we conclude that the voters did not intend to allow a defendant who has a disqualifying current conviction to benefit from the Act. Even if defendant is "serving an indeterminate term of imprisonment pursuant to [the Three Strikes law]," he is not someone "whose sentence under this act would not have been an indeterminate life sentence" had he been sentenced under the current law. Because his sentence would be an indeterminate life sentence under the current law, the Three Strikes Reform Act's resentencing provisions were not meant to benefit defendant.

The Voter Information Guide for Proposition 36 reinforces this underlying purpose of the Three Strikes Reform Act not to allow resentencing for those who would be subject to an indeterminate life sentence under current law. Ballot pamphlet

8

arguments are a "proper extrinsic aid in construing voter initiatives adopted by popular vote. [Citations.]" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 171.)

The proponents of the Three Strikes Reform Act, in their argument in the Voter Information Guide, touted the Act as helping to "keep dangerous criminals off the streets." "Criminal justice experts and law enforcement leaders carefully crafted Prop. 36 so that truly dangerous criminals will receive no benefits whatsoever from the reform." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) argument in favor of Prop. 36, p. 52.) While it is true that the Act was also meant to relieve prison overcrowding and save the state money, the proponents assured the voters that dangerous criminals would not receive a benefit from the Act. (*Ibid.*)

Defendant is one of those "truly dangerous criminals" referred to in the Act because he intended to inflict great bodily injury. (§ 1170.126, subd. (e)(2).) Allowing defendant to be resentenced on the sexual intercourse counts would allow a "truly dangerous criminal[]" who would be subject to an indeterminate life sentence even under current law to derive a benefit from the change in law. Therefore, defendant is not eligible for resentencing on the sexual intercourse counts because the voters' intent as shown in the Voter Information Guide, as well as in the purpose language of the statute, was that an individual such as this defendant would not derive a benefit from the Act.

Defendant also argues that we must interpret the Three Strikes Reform Act with *Garcia* in mind. In *Garcia*, the Supreme Court held that a trial court sentencing a defendant under the Three Strikes law has discretion to dismiss strike allegations on a count-by-count basis. (*Garcia, supra,* 20 Cal.4th at pp. 492-493.) The court explained that in exercising its discretion, the trial court must consider the nature and circumstances of the current felonies, which may differ considerably. Under such circumstances, the court "might . . . be justified in striking prior conviction allegations with respect to a relatively minor current felony, while considering those prior convictions with respect to a serious or violent current felony." (*Id.* at p. 499.)

Contrary to defendant's suggestion, *Garcia* is inapplicable because it applies only to the discretion of the judge imposing the initial Three Strikes sentence. In relying on *Garcia*, defendant attempts to take what was meant to give a sentencing court discretion and turn it into a mandatory provision of the Three Strikes Reform Act. There is no support for this requirement in the text of the Act.

Aside from the lack of support in the text of the Three Strikes Reform Act, defendant's argument that *Garcia* should be applied to his resentencing ignores the fact that the trial court already considered its discretion under *Garcia* during the initial sentencing and declined to give defendant the benefit. At sentencing, which occurred after the Supreme Court decided *Garcia*, the trial court could have but did not strike the prior-conviction allegations for the purpose of sentencing on the convictions for sexual intercourse with a minor. On appeal from that judgment, defendant argued that the trial court did not properly exercise its *Garcia* discretion, but we rejected the argument. (*People v. Schinkel, supra,* C036877.) Nothing in the Three Strikes Reform Act requires a court to revisit that discretionary sentencing decision when a defendant files a petition for resentencing.

We also conclude that the rule of lenity does not help the defendant or constrain us to interpret the Three Strikes Reform Act to allow him to be resentenced on the sexual intercourse counts because there is no egregious ambiguity or uncertainty to justify invoking the rule. (*People v. Nuckles* (2013) 56 Cal.4th 601, 611.) Read in light of its purpose and the voters' intent, the meaning of the statute is reasonably clear.

Because the voters intended the Three Strikes Reform Act to exclude "truly dangerous criminals" from benefits of resentencing, the Act does not provide for separate consideration of a defendant's eligibility for resentencing as to each count. Instead, the court must consider all counts and when, as here, a defendant has a current, disqualifying conviction, he is not eligible for resentencing.

10

## III

### *Jury Trial on Resentencing Petition*

Defendant contends that he is entitled to a jury trial on the issues posed by his petition for resentencing. He states: "There is at least one issue in the recall petition which triggers the constitutional right to jury trial: whether the infliction of great bodily injury was intended to be personal and contemporaneous with the solicitation of murder." As we have already explained, however, there are no such requirements attached to the provision under which defendant was found ineligible for resentencing. The Three Strikes Reform Act does not require that great bodily injury that the excluded defendant intended to cause was to be personally inflicted or inflicted contemporaneously with the commission of the crime. Defendant's contention that he is entitled to a jury trial is without merit because the factual issues on which he claims a jury trial right are nonexistent. We therefore need not consider whether there is such a jury trial right as to factual issues that actually exist.

### DISPOSITION

The petition for writ of mandate is denied.


      NICHOLSON      , Acting P. J.


We concur:


      HULL      , J.


      HOCH      , J.


11