Filed 11/25/13  McCall v. Morris Polich & Purdy CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| BRANDON MCCALL et al., | B240242 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC289925) |
| v. | |
| MORRIS POLICH & PURDY et al., | |
| Defendants and Respondents; | |
| THE QUISENBERRY LAW FIRM, | |
| Objector and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Anthony J. Mohr, Judge.  Affirmed.

The Quisenberry Law Firm and John N. Quisenberry; Esner, Chang & Boyer and Stuart B. Esner, for Objector and Appellant.

Shenoi Koes, Allan A. Shenoi, for Defendant and Respondent Shenoi Koes.

Morris Polich & Purdy, Richard H. Nakamura, Jr., and David J. Vendler, for Defendant and Respondent Morris Polich & Purdy.

No appearance on behalf of Plaintiffs and Respondents.

# I. INTRODUCTION

This involves a second appeal in a dispute over class action attorney fees. Two law firms, Morris Polich & Purdy LLP and Shenoi Koes LLP, were named as defendants in an arbitration proceeding. Brandon McCall, Barry Selbst, Kelly-Slate Diaz and Dani Reagan are the named plaintiffs of the salaried managers' subclass in the class action. They are likewise the plaintiffs in the arbitration proceeding. The parties refer to the salaried managers' subclass as the McCall subclass. Defendants had represented the entire class during part of the wage and hour class action. Opposing defendants in the attorney fee dispute is the Quisenberry Law Firm, which appeared through its principal, John N. Quisenberry (the objector). The objector represented the McCall subclass during a portion of the class action. The objector negotiated a settlement on the McCall subclass's behalf. For clarity's purpose, we will refer to Morris Polich & Purdy LLP and Shenoi Koes LLP as defendants.

The objector appeals from a March 22, 2012 order directing Labor Ready Inc., the McCall class's employer, to disburse $247,000 to defendants. The trial court issued the disbursement order after an arbitrator awarded defendants, the prior class counsel, 65 percent of the $380,000 attorney fees award. The objector argues: it was error to order Labor Ready Inc. to release two-third of the class counsel fees to defendants; it was not bound by the arbitration award because the arbitration was between defendants and the *McCall* class; the trial court could not release two-thirds of the class counsel fees on the basis of the arbitration award; the class counsel fees cannot be used to satisfy the prior class counsel's *quantum meruit* claim against the *McCall* class; the disbursement order circumvents the requirements governing the execution of money judgments because Labor Ready, Inc. is not a judgment debtor. The objector's arguments are meritless as they are barred by the law of the case doctrine. Thus, we affirm the order.

## II. BACKGROUND

On December 20, 2007, the *McCall* class filed an application for preliminary approval of the class action settlement. On December 19, 2007, defendants filed a notice of lien for attorney fees and costs. On October 17, 2008, the trial court approved the *McCall* class action settlement. The trial court awarded class counsel $380,000 in attorney fees.

At a January 22, 2009 hearing, defendants stated their intention to pursue arbitration with the class representatives. On August 25, 2009, the trial court ordered Labor Ready, Inc. to place $380,000 in attorney fees for the *McCall* subclass into an interest bearing escrow account. The order states: "Once Defendants deposit the $380,000 into the escrow account, the escrow agent will not disburse the funds until there is a court order confirming a binding arbitration award as a result of binding arbitration between the four class representatives and the law firms of Morris, Polich & Purdy LLP and Pierry Shenoi LLP or a written agreement between and among [class representatives], The Quisenberry Law Firm, Morris, Polich & Purdy LLP and Pierry Shenoi LLP . . . regarding the allocation of the funds." On December 2, 2009, the trial court granted the class representatives' petition to compel defendants to arbitrate the fee issue.

On July 8, 2011, the arbitrator issued an arbitration award. The arbitrator found defendants were entitled to 65 percent of the $380,000 attorneys' fees fund or $247,000. The arbitrator also awarded the objector the remaining 35 percent of the $380,000 attorneys' fees fund or $133,000. The trial court confirmed the arbitration award but corrected it to exclude any reference to a fee award to the objector. On January 3, 2012, the trial court entered judgment on the order confirming the corrected arbitration award. The objector filed a timely notice of appeal from the judgment correcting and confirming the arbitration award.

Following entry of judgment, defendants moved for an order directing Labor Ready, Inc. to release 65 percent of the $380,000 to them. The objector opposed the

motion to disburse the funds on February 17, 2012. The trial court granted the motion on March 22, 2012. Labor Ready, Inc. was ordered to disburse to defendants $247,000, which was the arbitration award amount. The objector filed a notice of appeal of this order on March 29, 2012.

On October 30, 2012, we affirmed the January 3, 2012 judgment correcting and confirming the arbitration award. (*McCall v. Morris Polich & Purdy LLP* (Oct. 30, 2012, B239142) [nonpub. opn.].) We held the arbitrator did not have power to adjudicate the objector's right to any portion of the $380,000 fund because it was not a party to the arbitration agreement. (*Id.* at p. 12-13.) However, we held the arbitrator had authority to determine the amount of fees earned by defendants. (*Id.* at p. 11.) We ruled the objector failed to identify any grounds for vacating the arbitrator's finding that defendants were entitled to 65 percent of the $380,000 fund. (*Ibid.*) We disagreed with the objector's contention it was entitled to the full $380,000 in fees pursuant to a joint stipulation with the *McCall* class. (*Id.* at p. 14.) In addition, we rejected the objector's argument that the corrected arbitration award constituted an involuntary forfeiture of its property rights. We reasoned the objector could have, but declined to, protected its rights by: filing suit to adjudicate its rights to the $380,000 fund; bringing all interested parties into court pursuant to Code of Civil Procedure section 1281.2, subdivision (c); moving to stay the arbitration pending resolution of the dispute in the judicial forum; agreeing to participate in arbitration between the *McCall* class representatives and defendants; or appealing the trial court's October 17, 2008 final order. (*Id.* at pp. 15-16.)

## III. DISCUSSION

In this appeal, the objector challenges the March 22, 2012 disbursement order compelling Labor Ready Inc. to release two-third of the class counsel fees to defendants. The objector contends it was not bound by the arbitration award because the arbitration was between defendants and the *McCall* class. Thus, the objector reasons the trial court could not release two-thirds of the class counsel fees on the basis of the arbitration award.

4

The objector also argues the class counsel fees cannot be used to satisfy defendants' *quantum meruit* claim against the *McCall* class. Finally, the objector maintains the disbursement order circumvents the requirements governing the execution of money judgments because Labor Ready, Inc. is not a judgment debtor. The objector's arguments are barred by the doctrine of the law of the case.

Our Supreme Court has explained, "'The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in a subsequent retrial or appeal in the same case.'" (*Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491; *Kowis v. Howard* (1992) 3 Cal.4th 888, 892-893.) Our Supreme Court has stated: "' Generally, the doctrine of law of the case does not extend to points of law which might have been but were not presented and determined in the prior appeal. [Citation.] As an exception to the general rule, the doctrine is . . . held applicable to questions not expressly but implicitly decided because they were essential to the decision of the prior appeal. [Citations.]'" (*Olson v. Cory* (1983) 35 Cal.3d 390, 399; *Estate of Horman* (1971) 5 Cal.3d 62, 73.) The law of the case doctrine is applicable even when the prior appellate opinion is erroneous. (*Morohoshi v. Pacific Home, supra,* 34 Cal.4th at p. 491; *People v. Stanley* (1995) 10 Cal.4th 764, 786.)

In our prior opinion, we affirmed the judgment confirming the corrected arbitration award. We found the objector was not bound by the arbitration agreement. But we concluded the arbitrator had authority to determine the amount of fees earned by defendants pursuant to the arbitration agreement with the *McCall* class. We held the objector failed to identify any grounds for vacating the arbitrator's determination defendants were entitled to 65 percent of the $380,000 fund. And we rejected the objector's argument that it was entitled to the entirety of the $380,000 attorney fees, the same argument it raises in this appeal. Our prior opinion resolved the allocation of 65 percent of the $380,000 fee award in defendants' favor. Thus the objector's arguments, which challenge defendants' entitlement to 65 percent of the fee award, are meritless as they are barred by the law of the case.

## IV.  DISPOSITION

The March 22, 2012 order is affirmed.  Defendants, Morris, Polich & Purdy LLP and Shenoi Koes LLP, are awarded their appeal costs from the objector, The Quisenberry Law Firm.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

KUMAR, J.