Filed 2/11/16  Estate of Yeh CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| Estate of JOHN YEH, Deceased. | |
| | |
| ALISON YEH, as Administrator, etc., | E062486 |
| Petitioner and Respondent, | (Super.Ct.No. PROPS1200620) |
| v. | OPINION |
| KWAN HUNG, | |
| Claimant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Cynthia Ann Ludvigsen, Judge.  Dismissed.

Kwan Hung, Claimant and Appellant in pro. per.

Alison Yeh, Petitioner and Respondent in pro. per.

Kwan Hung appeals from an order of the probate court denying her creditor's claim against Alison Yeh, as administrator of the estate of John Yeh.  We must dismiss the appeal because the challenged order is not appealable.

1

# I

## PROCEDURAL BACKGROUND

In August 2012, Alison Yeh (Yeh) filed a petition to administer the estate of John Yeh under the Independent Administration of Estates Act. (Prob. Code, § 10400 et seq.) In October 2012, she was appointed as administrator. Also in October 2012, she gave notice to creditors, including Hung, by mail. In November 2012, Hung filed a request for special notice.

In December 2013, Hung filed a creditor's claim for $8,400. In January 2014, Yeh filed a final accounting in which she listed Hung's claim as untimely. (See Code Civ. Proc., § 366.2.) Hung filed an objection to the accounting, arguing that her claim was not untimely. In June 2014, after hearing argument, the trial court denied Hung's creditor's claim.

# II

## APPEALABILITY

Yeh asserts that the challenged order is not appealable. She does not discuss the issue further. "Nonetheless, since the question of appealability goes to our jurisdiction, we are dutybound to consider it on our own motion. [Citations.]" (*Olson v. Cory* (1983) 35 Cal.3d 390, 398.)

"It is well established that '[a]ppeals which may be taken from orders in probate proceedings are set forth in . . . the Probate Code, and its provisions are exclusive.' [Citation.]" (*Estate of Stoddart* (2004) 115 Cal.App.4th 1118, 1125-1126.)

In *McDonald v. Structured Asset Sales, LLC* (2007) 154 Cal.App.4th 1068 [Fourth Dist., Div. Two] (*McDonald*), this court held that an order denying a creditor's claim is not appealable. (*Id*. at pp. 1072-1076.) "The appropriate course of action when a creditor's claim is rejected is for the creditor to commence a separate action on the rejected claim challenging rejection of the creditor's claim. [Citations.] This is the exclusive method of enforcing a claim which has been rejected by the court." (*Id*. at p. 1074.)

According to Hung, the order is appealable under Probate Code section 1300, subdivision (k). That subdivision provides that an order adjudicating the merits of a petition under Probate Code section 850 et seq. is appealable. Such a petition deals with adverse claims to specific, identifiable property of the estate. (Prob. Code, § 850, subd. (a); see generally Ross & Cohen, Cal. Practice Guide, Probate (The Rutter Group 2015) ¶¶ 15:556-15:558.) Hung did not file such a petition and does not assert such a claim.

Admittedly, Hung raised the issue in the form of an objection to Yeh's accounting. An order settling an account of a fiduciary is appealable. (Prob. Code, § 1300, subd. (b).) However, "[a]ppealability is not necessarily determined by the label given the order. The right to appeal under the Probate Code is determined by the effect of the order, not by its form." (Eisenberg et al., Cal. Practice Guide, Civil Appeals and Writs (The Rutter Group 2015) ¶ 2:191a, p. 2-131.) The challenged order denied the creditor's claim; it did not settle the account as a whole.

3

Finally, in connection with a motion for more time on oral argument, Hung invoked Probate Code section 1300, subdivision (d). At that point, it was too late to raise a new argument. (*Conservatorship of Moore* (2015) 240 Cal.App.4th 1101, 1107.) Separately and alternatively, the argument lacks merit. We specifically held in *McDonald* that this subdivision does not authorize an appeal from an order denying a creditor's claim. (*McDonald v. Structured Asset Sales, LLC*, *supra*, 154 Cal.App.4th at pp. 1073-1074.)

We conclude that we must dismiss the appeal.

III

DISPOSITION

The appeal is dismissed. In the interests of justice, each party shall bear her own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

HOLLENHORST

J.

CODRINGTON

J.

4