Filed 10/10/25  P. v. Bernal CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ERIKA BERNAL,<br><br>    Defendant and Appellant. | B340625<br>(Los Angeles County<br> Super. Ct. No. VA096966) |

APPEAL from a postconviction order of the Superior Court of Los Angeles County, Roger T. Ito, Judge.  Dismissed.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Erika Bernal appeals from a postconviction order denying her petition for resentencing under Penal Code section 1172.1.[1]  Appointed appellate counsel filed a brief raising no issues and requesting that we proceed under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Defendant has filed her own supplemental brief in which she argues for relief under section 1172.1.  We dismiss the order as nonappealable.

## BACKGROUND

In 2007, defendant was convicted of murder (§ 187, subd. (a)) and causing the death of the same victim, a child under eight years old, following an assault (§ 273ab, subd. (a)).  Defendant was sentenced to an overall term of 25 years to life.

On July 10, 2024, defendant filed a form request for recall of sentence and resentencing pursuant to Assembly Bill No. 600 and section 1172.1.  The following month, the trial court issued an in-chambers, off-the-record order providing:  "The Petition is denied.  The Petitioner is not eligible under" section 1172.1.

Defendant appealed.  Her appointed counsel filed a brief requesting this court independently review the record for error (see *Delgadillo, supra*, 14 Cal.5th at pp. 231–232).  In her supplemental brief, defendant discusses her post-conviction efforts at rehabilitation.

---

[1]     All subsequent references to statutes are to the Penal Code.

2

## DISCUSSION

In criminal matters, defendants may generally appeal from their final judgment of conviction or any postjudgment order affecting their substantial rights. (§ 1237, subds. (a), (b)).

"For decades, it has been established . . . that a defendant's appeal from a petition denying their motion under former section 1170, subdivision (d)(1), is 'not appealable as an order affecting the substantial rights of the party . . . because the defendant has no right to request such an order in the first instance.' [Citations.] This same reasoning applies to the similar provisions now renumbered as section 1172.1. A defendant is not entitled to file a section 1172.1 petition nor to receive a ruling if [they] nevertheless file[ ] one. It follows that an appeal from an order acting on [their] petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights. We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 695–696 (*Faustinos*); see also *People v. Hodge* (2024) 107 Cal.App.5th 985, 998–999.)

We commend defendant for the effort she has made to rehabilitate herself, which she references in her supplemental brief. "Nonetheless, since the question of appealability goes to our jurisdiction, we are duty-bound to consider it on our own . . . ." (*Olson v. Cory* (1983) 35 Cal.3d 390, 398.) As this appeal challenges a nonappealable order, we must dismiss it. (See *Faustinos*, *supra*, 109 Cal.App.5th at p. 700; *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

3

**DISPOSITION**

The postconviction order is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, Acting P. J.

We concur:

TAMZARIAN, J.

VAN ROOYEN, J.**

---

**        Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.